IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NATHAN ARREOLA,

        *Plaintiff,*

vs.

TRANS UNION LLC,

        *Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

5-25-CV-00852-FB-RBF

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Voluntary Dismissal. *See* Dkt. No. 12. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 3. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Motion for Voluntary Dismissal, Dkt. No. 12, should be **GRANTED**.

Plaintiff Arreola originally filed this action in Texas Justice Court, Precinct 1, Small Claims Division, seeking statutory and punitive damages and other relief against Defendant TransUnion LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Dkt. No. 1-1 at 9-24. TransUnion LLC then removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a), and 1446(b). Dkt. No. 1. TransUnion LLC then answered the Complaint. Dkt. No. 6. The Court held an Initial Pretrial Conference on

November 3, 2025, Dkt. No. 10, and thereafter entered a Scheduling Order largely tracking the parties' joint recommendations. Dkt. No. 11.

A little over a month later, on December 11, 2025, Plaintiff Arreola filed the present motion seeking to voluntarily dismiss the action "without prejudice, so that the claims may be refiled at a later time if necessary." Dkt. No. 12 at 1. Arreola gives no reason for the abrupt reversal or the desire to dismiss the action but avers that "[d]ismissal at this stage will not prejudice Defendant's legal rights" and that the Motion "is brought in good faith and is not intended to cause undue delay or to harass the Defendant." *Id*. Arreola requests that each party bear its own costs and attorney's fees. *Id*. TransUnion LLC has not responded.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal in federal court. Typically, a plaintiff may voluntarily dismiss an action without a court order if they file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). If the defendant has served an answer, however, as TransUnion LLC has done here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). With no indication that TransUnion objects to dismissal or would be prejudiced by dismissal at this time, the Court finds the Motion well taken.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Motion for Voluntary Dismissal, Dkt. No. 12, be **GRANTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

3

**IT IS SO ORDERED**.

**SIGNED** this 9th day of January, 2026.

_____
**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**

4